## Patton v. Commonwealth.

Nov. 18, 1941.

W. O. Miller for appellant.

Hubert Meredith, Attorney General; and Wm. F. Neill, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Rees— Reversing.

The appellant, Oscar Patton, has been convicted of the offense of operating a roadhouse without a permit, and his punishment fixed at a fine of $150. The indictment charged a violation of Chapter 47, Section 1, of the Acts of 1938, now Section 1599f-1, Kentucky Statutes Supplement 1939, which reads:

> "That no roadhouse or place offering for sale nonintoxicating, or intoxicating drinks, tourist camps or place of public entertainment at which people assemble to eat, drink, dance, bathe or engage in any game or entertainment, shall be permitted in the Commonwealth of Kentucky outside of the corporate limits of any incorporated city or town unless its owner or proprietor shall have a permit issued to him by the county court in the county in which it is located granting to him the privilege and license to operate said place of business in said county."

The proof is in narrative form and shows that appellant was engaged in the operation of a roadhouse in Perry county outside of the corporate limits of any incorporated city or town. The roadhouse was known as "Dyson's Place," and a permit was issued by the Perry county court in the name of W. A. Dyson for the operation of the establishment. Appellant testified that he was merely an employee, and conducted the business for Dyson on a commission basis. Section 1599f-11 of the Kentucky Statutes Supplement 1939, provides:

> "It shall be a misdemeanor for any owner or proprietor or manager of a place of business coming within the purview of this Act to fail to apply for said permit before opening said establishment and each day that said business is operated without a permit duly issued by the County Court shall be a separate offense."

Section 1 of the Act requires only the owner or proprietor of a roadhouse to obtain a permit, but Section 11 makes it a misdemeanor for any owner or proprietor or manager of a roadhouse to operate same without a permit.

The court instructed the jury that they should find appellant guilty if they believed from the evidence, be-

yond a reasonable doubt, that he, as proprietor or manager, operated a roadhouse without having issued to him a permit by the county court. This was erroneous since the proof showed that W. A. Dyson was the owner or proprietor of the roadhouse and a permit had been issued to him, and, under those circumstances, appellant, as manager, was not required to obtain a permit. The court also should have instructed the jury that if the defendant was only an employee of the owner of the roadhouse and a permit had been issued to the owner they should find him not guilty. On another trial if the proof shows without contradiction that W. A. Dyson was the owner of the establishment at the time the alleged offense was committed, the jury should be peremptorily instructed to return a verdict of acquittal.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to grant appellant a new trial.